316     APPELLATE COURTS OF ILLINOIS.

Watson Fireproof Window Co. v. Miller et al., 194 Ill. App. 316.

---

# Watson Fireproof Window Company, Appellee, v. James A. Miller and Robert B. Miller, trading as James A. Miller & Brother, Appellants. ·

## Gen. No. 20,356.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed June 17, 1915. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Appeal from a judgment of the Municipal Court of Chicago in favor of the Watson Fireproof Window Company, plaintiff, against James A. Miller and Robert B. Miller, trading as James A. Miller & Brother, defendants, for an amount claimed as royalties on the manufacture of a patented device under a license granted by the plaintiff.

It appeared from the evidence that plaintiff was a New York corporation; that the contract between the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

parties was signed in Chicago; and that at the time it was signed, the plaintiff had not obtained from the Secretary of State any certificate authorizing it to do business in Illinois. There was no evidence, beyond the mere fact that the contract was signed in Chicago, tending to prove that the plaintiff was doing any business in Illinois.

The contract provided: "This agreement contemplates the vigorous assertion of said Watson patent No. 702754 against infringers to the end that the licensees may be protected and the licensor agrees that it will institute suit and prosecute the same to conclusion. If any adverse decision is handed down by any Circuit Court of Appeals, said licensees shall not be obliged to pay guaranty until such decision is reversed by higher court." It appeared from the evidence that a suit was brought against every person, firm or corporation that was infringing the patent except one concern that went into the hands of receivers; that by agreement between the parties to such suits, one of them was made a test case, and that the test case was pending when this suit was brought. There was evidence that the taking of testimony in the test suit had been delayed somewhat, but there is no evidence that such delay was the fault of the plaintiff.

J. H. PERKINSON, for appellants.

BELL & CROSS, for appellee; DELBERT A. CLITHERO, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 708*—*when making contract by foreign corporation constituted doing business within State.* The execution

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

318     Appellate Courts of Illinois.

within the State by a foreign corporation of a single contract licensing the manufacture of a patented article owned by it does not constitute doing business within the State in violation of the Foreign Corporation Act (J. & A. ¶ 2531).

2. Patents, § 29*—*violation by licensor of agreement to prosecute infringers.* The evidence in an action to recover royalties upon the manufacture of a patented article, *held* not to show a violation of the licensor's agreement to vigorously prosecute infringers.

3. Patents, § 29*—*granting licenses to another on more favorable terms in violation of agreement.* The granting of licenses to manufacture a patented article on more favorable terms than those given the defendant, in violation of the terms of his license, *held* no defense to an action for royalties, where such licenses were granted with his knowledge and consent.